# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA NINA FLOYD, | 1:10-cv-00254-SMS (HC) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| ARLENE HICKSON, | |
| Respondent. | [Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

### BACKGROUND[1]

In the California Superior Court for the County of Tuolomne, Petitioner pled guilty to two counts of identity theft in 2002 (case number CRF9710) and one count of identity theft in 2003 (case number CRF9998), in violation of California Penal Code[2] section 503.5, subdivision (a). The trial court suspended sentence in both cases and placed Petitioner on probation for a period of five years.

---

[1] This information is derived from the state court filings lodged with this Court by Respondent on May 20, 2010, and are not subject to dispute.

[2] All further statutory references are to the California Penal Code unless otherwise indicated.

In October 2006, Petitioner was sentenced to a nine-year term of imprisonment in New Mexico.  In March 2007, Petitioner wrote a handwritten request to the Tuolomne superior court with reference to case number 9998 and appeared to demand concurrent sentencing for the probation violation.  The same type of motion was received by the court in April 2007.  Both motions were denied by the trial court.

In May 2007, the probation department filed an affidavit suggesting that Petitioner's probation be revoked due to her sentence in New Mexico.  The matter was heard on July 2, 2007, and defense counsel argued that the court lacked jurisdiction over Petitioner under section 1203.2a, and the matter was set for further hearing to determine if Petitioner had satisfied the notice requirements.

In July 2007, Petitioner again mailed two handwritten letters to the court requesting concurrent sentencing.  The next month, defense counsel filed a motion to terminate probation and the court's jurisdiction to impose sentence under section 1203.2a.  The court denied Petitioner's motion finding it did not lose jurisdiction to sentence her because she failed to provide the probation department or court with notice sufficient under section 1203.2a.

On September 7, 2007, by and through counsel, Petitioner filed a demand for sentencing in cases 9998 and 9710 under section 1203.2a.  The trial court sentenced Petitioner to the upper term of three years in case 9998 and two consecutive terms of eight months in case 9710, to run consecutive to the sentence imposed by New Mexico.

Petitioner filed separate appeals challenging his sentences and argued the trial court lacked jurisdiction to sentence her under section 1203.2a.  Petitioner also argued that imposition of the upper term in case 9998 violated her right to a jury trial.

The appellate court upheld the trial court's determination that it had jurisdiction under section 1203.2a because Petitioner failed to comply with the notice requirements.  However, the appellate court found the trial court erred in imposing the upper term in case 9998, and the sentence was vacated and the case was remanded for re-sentence. The judgment in case 9710 was affirmed in all respects.

1    Upon remand, the trial court re-sentenced Petitioner to the mid-term of two years in case

2    9998 and two consecutive eight-month terms in case 9710, to run consecutive to the New Mexico

3    prison sentence.  Petitioner filed a timely notice of appeal.

4    On June 23, 2009, the California Court of Appeal, Fifth Appellate District affirmed the

5    judgment in all respects.

6    Petitioner did not file a petition for review in the California Supreme following the

7    appellate court's decision.

8    Petitioner filed the instant federal petition for writ of habeas corpus on February 16, 2010.

9    Respondent filed an answer to the petition on May 7, 2010, and Petitioner filed a traverse on

10   June 8, 2010.

11                              STATEMENT OF FACTS

12   Because the factual circumstances of Petitioner's underlying convictions are not relevant

13   to the disposition of the instant petition further discussion is not necessary.

14                                   DISCUSSION

15   A.    Jurisdiction

16   Relief by way of a petition for writ of habeas corpus extends to a person in custody

17   pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

18   or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,

19   529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000).  Petitioner asserts that he suffered

20   violations of his rights as guaranteed by the U.S. Constitution.  The challenged conviction arises

21   out of the Tuolomne County Superior Court, which is located within the jurisdiction of this

22   Court.  28 U.S.C. § 2254(a); 2241(d).

23   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

24   of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

25   enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114

26   F.3d 1484, 1499 (9th Cir. 1997), cert. denied, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting

27   Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), cert. denied, 520 U.S. 1107, 117 S.Ct.

28   1114 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059

                                         3

1    (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant

2    petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

3    B.    Standard of Review

4         Where a petitioner files his federal habeas petition after the effective date of the Anti-

5    Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that

6    the state court's adjudication of his claim:

7         (1) resulted in a decision that was contrary to, or involved an unreasonable
          application of, clearly established Federal law, as determined by the Supreme
8         Court of the United States; or

9         (2) resulted in a decision that was based on an unreasonable determination of the
          facts in light of the evidence presented in the State court proceeding.
10

11   28 U.S.C. § 2254(d). A state court decision is "contrary to" federal law if it "applies a rule that

12   contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are

13   materially indistinguishable from" a Supreme Court case, yet reaches a different result." Brown

14   v. Payton, 544 U.S. 133,  141 (2005) citing Williams (Terry) v. Taylor, 529 U.S. 362, 405-06

15   (2000).  A state court decision will involve an "unreasonable application of" federal law only if it

16   is "objectively unreasonable."  Id., quoting Williams, 529 U.S. at 409-10; Woodford v. Visciotti,

17   537 U.S. 19, 24-25 (2002) (per curiam).  "A federal habeas court may not issue the writ simply

18   because that court concludes in its independent judgment that the relevant state-court decision

19   applied clearly established federal law erroneously or incorrectly."  Lockyer, at 1175 (citations

20   omitted).  "Rather, that application must be objectively unreasonable."  Id. (citations omitted).

21        "Factual determinations by state courts are presumed correct absent clear and convincing

22   evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court

23   and based on a factual determination will not be overturned on factual grounds unless objectively

24   unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)."

25   Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).  Both subsections (d)(2) and (e)(1) of § 2254

26   apply to findings of historical or pure fact, not mixed questions of fact and law.  See Lambert v.

27   Blodgett, 393 F.3d 943, 976-77 (2004).

28

1    Courts further review the last reasoned state court opinion. See Ylst v. Nunnemaker, 501

2    U.S. 979, 803 (1991).  However, where the state court decided an issue on the merits but

3    provided no reasoned decision, courts conduct "an independent review of the record . . . to

4    determine whether the state court [was objectively unreasonable] in its application of controlling

5    federal law." Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).  "[A]lthough we

6    independently review the record, we still defer to the state court's ultimate decisions." Pirtle v.

7    Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

8    C.    Presence at Re-Sentencing

9         Petitioner argues that her sentences must be vacated because she was sentenced in

10   absentia without waiving her right to be physically present at sentencing.

11        The California Court of Appeal rejected Petitioner's claim holding, in pertinent part, the

12   following:

13       A defendant has both a constitutional and a statutory right to be present at
         critical stages of a criminal prosecution.  (*People v. Romero* (2008) 44 Cal.4th
14       386, 418.)  One such critical stage is sentencing.  However, this right to be present
         is not absolute.  (*People v. Gutierrez* (2003) 29 Cal.4th 1196, 1202.)  A competent
15       defendant may waive such right, including the right to be present at sentencing.  (§
         1193; *People v. Robertson* (1989) 48 Cal.3d 18, 62.)
16
         Here, [Petitioner] waived her right to be present at sentencing in cases
17       9998 and 9710 when she requested, through her attorney, that sentence be
         imposed in her absence on September 7, 2007.  This request was in compliance
18       with section 1203.2a, which provides, in pertinent part: "If any defendant who has
         been released on probation is committed to a prison in this state or another state
19       for another offense, the court which released him or her on probation shall have
         jurisdiction to impose sentence . . . for the offense for which he or she was granted
20       probation, in the absence of the defendant, on the request of the defendant made
         through his or her counsel. . . ."
21
         Relying on this court's opinions in the prior appeals, i.e., F054010 and
22       F054011, [Petitioner] argues that her waiver was defective and therefore
         inoperative.  However, that is not what this court held.  Rather, we held that when
23       [Petitioner] sent the trial court her "motions" in April and May of 2007, and her
         handwritten letters in July 2007, she did not trigger the 30-day time period during
24       which the trial court must impose sentence or lose jurisdiction to do so contained
         in the third paragraph of section 1203.2a.  Nevertheless, the September 7, 2007,
25       request made through counsel was a valid request to be sentenced and waiver of
         her right to be present.
26

27

28

                                                  5

Although a defendant has a constitutional right to be present during sentencing, there is no clearly established federal law which prohibits the defendant to waive through counsel his/her presence at sentencing.  Although Petitioner claims that the waiver was defective, the record belies her claim.  In April and May of 2007, Petitioner wrote "motions" to the trial court requesting that her sentence be reinstated to run concurrent to the New Mexico sentence.  (CT 96.)  Then, on July 7, 2007 and July 11, 2007, she wrote letters to the trial court and requested that she be sentenced, in abstenia, so it would not disrupt the successful progress toward her sentence imposed in New Mexico, and she requested the court to consider her lawyer's representation. (CT 110-112.)  As indicated by the state appellate court, Petitioner's counsel filed a formal request on September 7, 2007-in compliance with section 1203.2a, and requested sentence be imposed in her absence.  Based on these circumstances, there is no basis to find that the state courts' determination of this issue was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d); see also Knowles v. Mirzayance, 129 S.Ct. 1411, 1419 (2009) ("But this Court has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." (citations omitted)).

D.      Trial Court Erred in Application of California Penal Code Section 1203.2a

Petitioner contends that the trial court erred under state law by finding there was jurisdiction to sentence her.  Petitioner's claim is not cognizable and fails under section 2254. Habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).  In any event, even if this claim was somehow cognizable, the state court's ruling of its own law would be binding on this Court. Waddington v. Sarausad, 129 S.Ct. 823, 832 n.5 (2009) ("we have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions'"); Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of

1    state law . . . binds a federal court sitting in federal habeas[.]")  Accordingly, there is no basis for

2    habeas corpus relief on this claim.

3    E.    State Courts Adjudication of Habeas Petition

4           Petitioner contends that the state courts abused their discretion by denying an evidentiary

5    hearing on collateral review.  First, this claim is not cognizable under section 2254 as it invokes

6    state law only.  Second, and of equal importance, Petitioner failed to present this claim to the

7    California Supreme Court.[3]  Thus, even if the claim was cognizable, it is unexhausted and must

8    be dismissed.

9    F.    Ineffective Assistance of Counsel at Re-Sentencing

10          Petitioner contends that he was denied effective assistance of counsel at his November

11   2008 re-sentencing hearing because he failed to diligently prepare for the hearing and failed to

12   present favorable evidence.

13          Respondent initially argues that this claim is unexhausted because Petitioner did not

14   present it to the state highest court.  Petitioner presented this claim in his state habeas corpus

15   petition filed in the state Superior Court, which rejected the claim on the merits.  However,

16   Petitioner did not present the claim to the state highest court, i.e. the California Supreme Court.

17   Petitioner contends that she attempted to file three petitions in the California Supreme Court, but

18   they were all returned unfiled on procedural grounds.  The fact that Petitioner did not present her

19   claims in a proper manner under California law does not demonstrate or excuse exhaustion.

20   Therefore, the instant claim is unexhausted.  In any event, even if this claim was exhausted, for

21   the reasons discussed *infra*, it is without merit.  <u>Cassett v. Stewart</u>, 406 F.3d 614 (9th Cir. 2005)

22   (a federal court may deny an unexhausted petition on the merits only when it is perfectly clear

23

24   _____

25         [3] A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for
     writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is
26   based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged
     constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); <u>Rose v.
27   Lundy</u>, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).  A
     petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity
28   to consider each claim before presenting it to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S.Ct. 509,
     512 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996).

1    that the applicant does not raise even a colorable federal claim).[4]

2         The Tuolomne County Superior Court denied the claim on the merits stating:

3         The petitioner bears a heavy burden initially to plead sufficient grounds for
     relief.  To show ineffective assistance of counsel, Petitioner must show that
4    counsel's performance was deficient, and that the deficient performance
     prejudiced her.  To show prejudice, Petitioner must show that the claimed errors
5    were so serious as to deprive her of a fair trial.  She has to show a reasonable
     probability that the result of the trial would have been different, but for the errors.
6    (*Strickland v. Washington* (1984) 466 U.S. 668)

7         Petitioner has not made such a showing.  She argues that retained
     counsel's representation of her during re-sentencing fell below an objective
8    standard of reasonableness, alleging that he failed to diligently prepare for the
     sentencing hearing and failed to bring forth favorable evidence on her behalf.  She
9    alleges that he failed to investigate her background.  She argues that had retained
     counsel presented evidence in mitigation, that evidence may have had an effect on
10   the trial court's discretion, resulting in concurrent sentences instead of
     consecutive sentences.  The only potential evidence that Petitioner suggests could
11   have been offered to the Court by counsel is her good behavior during her
     previous three years of incarceration in New Mexico, and an argument that she is
12   not a career criminal.

13        This falls far short of the standard set forth in *Strickland*.  Petitioner is
     required to show that, but for the unprofessional conduct of counsel, the outcome
14   would have been different.  Here, all Petitioner has offered is that perhaps
     evidence in mitigation may have had an effect on the trial court's discretion.  As
15   Petitioner has not provided a complete transcript of the sentencing hearing, the
     Court is not able to determine what counsel argued on her behalf.

16

17   (Lodged Doc. No. 14.)

18        Petitioner contends that counsel was not adequately prepared for the re-sentencing

19   hearing which took place on October 2, 2007.  More specifically, she claims that counsel failed

20   to discover her physical handicap to support the argument that consecutive sentencing would

21   further deteriorate her condition, failed to read letters of recommendation from law enforcement

22   officials, and failed to present evidence of her good-behavior and rehabilitation while serving her

23   sentence in New Mexico.

24

25        The record does not support a finding that counsel performed incompetently at the re-

26

27        [4] Respondent further argues that the claim is procedurally defaulted because the state superior court found
     that Petitioner did not verify his petition by completing the MC-275 form.  The current briefing before the Court is
28   not sufficient to determine whether the claim is procedurally default.  However, because the claim is clearly
     unexhausted and without merit, the Court finds further analysis of the procedural bar issue unnecessary.

sentencing hearing or that she was prejudiced by any alleged misconduct.[5]  A review of the

hearing transcripts reveals that counsel vigorously argued against a consecutive sentence because

there were no aggravating circumstances.  Furthermore, even if counsel had presented the

evidence as alleged by Petitioner, there is not a reasonable probability that the trial judge would

have sentenced Petitioner any differently.  Indeed, prior to hearing argument by the parties, the

judge informed them that he was inclined to run the sentence consecutive to the sentence

imposed in New Mexico.  (RT 179.)  The trial judge expressed skepticism as to whether he would

have initially imposed probation if he had been the sentencing judge in the first instance.  (RT

193.)  In imposing a consecutive sentence, the court relied on the fact that it was an obvious

mistake to have sentenced Petitioner to probation as evidenced by her further criminal conduct

after the sentence.  (Id.)  The court further found that the victims were particularly vulnerable as

they were victimized by Petitioner opening false credit card accounts and charging items on-line.

(Id.)  Petitioner took advantage of a position of trust as she obtained the credit information from

customers while she worked at a Round Table restaurant.  (RT 183, 193.)  Based on the trial

court's findings at the re-sentencing hearing, there is no basis to conclude that there is a

reasonable probability the outcome would have been different had defense counsel presented the

evidence cited by Petitioner.  Accordingly, Petitioner has failed to demonstrate that counsel was

incompetent and, even if so, there was no resulting prejudice as required by Strickland.

                                             ORDER

        Based on the foregoing, it is HEREBY ORDERED that:

        1.      The instant petition for writ of habeas corpus be DENIED;

        2.      The Clerk of Court be directed to enter judgment in favor of Respondent; and

        3.      The Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c);

                Slack v. McDaniel, 529 U.S. 473, 484 (2000) (a COA should be granted where

                the applicant has made "a substantial showing of the denial of a constitutional

                right," i.e., when "reasonable jurists would find the district court's assessment of

---

[5] Contrary to Petitioner's contention, just before imposing the sentence, the trial court specifically noted that
Petitioner was not present, and counsel waived her presence and requested the court impose a sentence.

the constitutional claims debatable or wrong"; <u>Hoffman v. Arave</u>, 455 F.3d 926, 943 (9th Cir. 2006) (same).  In the present case, the Court finds that reasonable jurists would not find it debatable that the state courts' decision denying Petitioner's petition for writ of habeas corpus were not "objectively unreasonable."

IT IS SO ORDERED.

**Dated:    June 21, 2010**                          **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE